IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HOWARD WAYNE JONES                                                              PETITIONER

v.                              NO. 5:09CV00353 JMM/HDY

LARRY NORRIS, Director of the                                                   RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

## DISPOSITION

PRIOR STATE AND FEDERAL COURT PROCEEDINGS. In 1979, petitioner Howard Wayne Jones ("Jones") pleaded guilty in Pulaski County, Arkansas, Circuit Court to two counts of aggravated robbery and one count of theft of property. He was sentenced to two, fifty-year terms of imprisonment and one, twenty-year term of imprisonment, the terms to be served concurrently. Because he pleaded guilty, he was precluded from appealing his convictions.[1] His subsequent attempts to obtain post-conviction relief in the state courts of Arkansas proved unsuccessful.[2]

Jones thereafter sought habeas corpus relief in the federal courts of Arkansas by filing a series of petitions pursuant to 28 U.S.C. 2241 and/or 28 U.S.C. 2254. Specifically, he filed the following petitions:

---

[1]

His guilty plea did not, however, prevent him from attempting to subsequently withdraw his plea. Specifically:

"On May 6, 1980, [Jones] filed a motion to withdraw his plea of guilty and for a new trial. ... [His] motion was denied and his subsequent appeal was dismissed as untimely. [He] renewed his motion on March 15, 1983. The motion was again denied. [Jones] again appealed and the Arkansas Supreme Court remanded the case and counsel was appointed for [him]. On remand, an evidentiary hearing was held to consider [his] claims of ineffective assistance of counsel and the voluntariness of his guilty plea. The circuit court found no basis for [his] claims and Jones appealed. [His] appointed counsel filed an Anders brief in the appeal. [Footnote omitted]. The Arkansas Supreme Court affirmed the decision of the circuit court.

See Jones v. Lockhart, 851 F.2d at 1115-1116.

[2]

It appears that he filed petitions for post-conviction relief in the state courts of Arkansas in 1980 and again in 1983.

(1) In 1984, Jones commenced Jones v. Lockhart, PB-C-84-580. The undersigned does not have immediate access to the record in that proceeding, but it appears that the petition was denied without any relief being granted.

(2) In 1986, Jones commenced Jones v. Lockhart, PB-C-86-724, pursuant to 28 U.S.C. 2254. In the petition, he challenged certain aspects of his guilty plea. The petition was denied, and an appeal was taken. The United States Court of Appeals for the Eighth Circuit ("Court of Appeals") affirmed the denial of the petition but did so without prejudice to Jones' right to file a new petition based upon claims raised for the first time on appeal. See Jones v. Lockhart, 851 F.2d 1115 (8th Cir. 1988).$^{3}$

(3) In 1988, Jones commenced Jones v. Lockhart, PB-C-88-578, pursuant to 28 U.S.C. 2254, the petition authorized by the Court of Appeals. In the petition, he challenged certain aspects of his guilty plea. The petition was denied, and an appeal was taken. The Court of Appeals affirmed the presiding judge's findings and conclusions but remanded the proceeding so Jones could amend his petition to include a new claim. See Jones v. Lockhart, 940 F.2d 378 (8th Cir. 1991). On remand, his amended petition was denied, and an appeal was taken. The Court of Appeals affirmed the denial of the amended petition. See Jones v. Lockhart, 977 F.2d 444 (8th Cir. 1992).

---

$^{3}$

The Court of Appeals appears to have deemed PB-C-86-724 to be Jones' first petition pursuant to 28 U.S.C. 2254. Specifically, in the appeal of a later petition, the Court of Appeals noted that "[i]n 1988, this Court affirmed the District Court's denial of Jones's first petition for habeas corpus." See Jones v. Lockhart, 977 F.2d 444, 445 (8th Cir. 1992) [emphasis added].

(4) In 1996, Jones commenced Jones v. Norris, PB-C-96-173, which he filed pursuant to 28 U.S.C. 2241 but was construed to have been filed pursuant to 28 U.S.C. 2254.[4] In the petition, he challenged the execution of his sentence. United States District Court Judge James M. Moody adopted the undersigned's findings and recommendation and characterized Jones' specific challenge to be that "the trial court ordered him to serve one-third of his fifty-year sentence before becoming eligible for parole, but the [Arkansas Department of Correction] has altered his sentence by classifying him as a fourth offender." See Jones v. Norris, PB-C-96-173, Document 14 at 3, and Document 16. The petition was denied, and an appeal was taken. The Court of Appeals addressed the appeal in the context of addressing Jones' request for a certificate of appealability; the Court of Appeals specifically found the following:

> The court grants Howard Wayne Jones a certificate of appealability allowing an appeal from the district court's denial of Jones's fourth petition for a writ of habeas corpus. Because Jones attacks the execution of his state sentence, we consider Jones's petition under 28 U.S.C. ... 2241. In our view, briefing by the parties will serve no useful purpose and we now turn to the merits of Jones's appeal. Having considered the record, we conclude Jones's contention that he is eligible for parole notwithstanding three earlier felony convictions when he pleaded guilty in 1979 is without merit. See Schwindling v. Smith, 777 F.2d 431, 432-33 (8th Cir.1985); Watson v. State, 609 S.W.2d 673, 674 (Ark.Ct.App.1980).

---

[4] In the days preceding the filing of PB-C-96-173, Jones commenced two separate state court proceedings: (A) a petition for writ of habeas corpus, and (B) a petition for a declaratory judgment and writ of mandamus. In both submissions, he challenged the manner in which his parole eligibility was being calculated. He obtained no relief in either proceeding.

See Jones v. Norris, 1998 WL 39291 at 1 (8th Cir. 1998).[5]  For the foregoing reason, the Court of Appeals affirmed the denial of the petition.

(5) In 2004, Jones commenced Jones v. Norris, 5:04CV00032, which was construed to have been filed pursuant to 28 U.S.C. 2254.  In the petition, he alleged the following:

> The [petition] raises the question of whether the State of Arkansas has violated the Due Process Clause of the United States Constitution by not enforcing the plea agreement between the Prosecuting Attorney and [Jones] would become eligible for parole upon serving 1/3 of his sentence.
>
> Specifically, the issue is whether the State may constitutionally remove an inmate's eligibility for parole after inducing him to withdraw[] his plea of not guilty and enter a plea of guilty in order to be eligible for parole.

See Jones v. Norris, 5:04CV00032, Document 1 at 4.  The petition was denied.  In denying the petition, Judge Moody adopted the undersigned's findings and recommendation and found the following with regard to the petition in 5:04CV00032:

> Having reviewed the petition, the Court determines that it is a successive petition to previously filed habeas cases, the most recent of which is Jones v. Norris, 1998 WL 39291 (8th Cir. Feb. 3, 1998) … an appeal of the petitioner's fourth federal habeas corpus action.

---

[5] The Court of Appeals construed the petition in PB-C-96-173 as one pursuant to 28 U.S.C. 2241 because Jones was attacking the execution of his sentence.  The Court of Appeals noted that even if the petition was construed as one pursuant to 28 U.S.C. 2254, it would be rejected because "the district court correctly dismissed his petition for abuse of the writ."  See Jones v. Norris, 1998 WL 39291 at 1.

> Amendments to 28 U.S.C. 2254 signed into law on April 26, 1996, prohibit the filing of a second or successive petition in District Court without authorization from the Circuit Court of Appeals. The requirements to receive authorization from the Circuit Court of Appeals are found at 28 U.S.C. 2244(b), as amended. These amendments are available in the unit law library, or by contacting the Clerk, Eighth Circuit Court of Appeals ... for more information.

See Jones v. Norris, 5:04CV00032, Document 11 at 1, and Document 12. No appeal was ever taken from the denial of the petition in 5:04CV00032.

THE PETITION AT BAR. In 2009, Jones commenced the proceeding at bar by filing what he purported to be a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he challenged the execution of his sentence; he specifically alleged the following:

> The [petition] raises the question of whether the State of Arkansas has violated the Due Process Clause of the United States Constitution by not enforcing the plea agreement between the Prosecuting Attorney and [Jones] that he would become eligible for parole upon serving 1/3 of his sentence.
>
> Specifically, the issue is whether the State may constitutionally remove an inmate['s] eligibility for parole after inducing him to withdraw[] his plea of not guilty and enter a plea of guilty in order to be eligible for parole.

See Jones v. Norris, 5:09CV00353, Document 2 at 4.

Respondent Larry Norris ("Norris") responded to the petition by filing the pending motion to dismiss. See Document 6. In the motion, he maintained that the petition should be dismissed because it is a second or successive petition and Jones did not obtain the approval of the Court of Appeals before filing the petition.

At the invitation of the undersigned, Jones filed a response to the motion to dismiss. He appeared to acknowledge that he never obtained the approval of the Court of Appeals before filing his petition but maintained that his petition should nevertheless be considered because the failure to do so will result in a fundamental miscarriage of justice. He maintained that officials with the Arkansas Department of Correction are administering his sentence in a manner contrary to the plea agreement he entered into and contrary to the sentence imposed by the trial court judge.

ANALYSIS. The filing of a second or successive petition for writ of habeas corpus is governed by 28 U.S.C. 2244(b). It provides, in part, that "[b]efore a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]." Without question, 28 U.S.C. 2244(b) applies to a petition filed pursuant to 28 U.S.C. 2254. It is not as clear, however, whether 28 U.S.C. 2244(b) applies to a petition filed pursuant to 28 U.S.C. 2241. Assuming, arguendo, that 28 U.S.C. 2244(b) does not apply to a petition filed pursuant to 28 U.S.C. 2241, it is critical to ascertain the type of petition filed by Jones in the proceeding at bar.

In <u>Crouch v. Norris</u>, 251 F.3d 720 (8th Cir. 2001), and again in <u>Singleton v. Norris</u>, 319 F.3d 1018 (8th Cir. 2003), the Court of Appeals had the occasion to consider the proper characterization of a petition filed by a state prisoner challenging parole eligibility issues. In the latter case, the Court of Appeals stated the following:

> … We recently considered the application of … 2244's restrictions on successive habeas applications to a state prisoner's application brought under … 2241. <u>Crouch v. Norris</u>, 251 F.3d 720 (8th Cir.2001). Crouch applied to this court for permission to file a second habeas petition, claiming that the state had violated his due process rights by refusing to grant him parole. <u>Id</u>. at 722. Crouch argued that because he was not challenging the validity of his conviction or sentence but only the manner in which it was carried out, his claim was properly brought under … 2241 and was not subject to the restrictions in … 2244. <u>Id</u>. at 722-23. We considered several cases which held that a federal prisoner may challenge the manner of execution of his sentence by bringing his petition under … 2241 rather than … 2255. <u>Id</u>. at 722-23. Section 2255, governing federal prisoners, contains narrower language than that in … 2254, which governs state prisoners. The focus of … 2254 is on the petitioner's custody, not, as in … 2255, on flaws in the underlying judgment or sentence. <u>Id</u>. at 723. **<u>Thus, … 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise challenges to the validity of his conviction or sentence or to the execution of his sentence</u>**. <u>Id</u>.

See <u>Singleton v. Norris</u>, 319 F.3d at 1022-1023 [emphasis added]. Thus, it matters not how a state prisoner characterizes his petition for writ of habeas corpus, <u>i.e.</u>, whether he attempts to characterize it as a petition pursuant to 28 U.S.C. 2241. He only has one means by which to challenge the validity of his conviction, the validity of his sentence, or <u>the execution of his sentence</u>: a petition pursuant to 28 U.S.C. 2254.

In the petition at bar, Jones challenges the execution of his sentence and purports to do so pursuant to 28 U.S.C. 2241. As Crouch v. Norris and Singleton v. Norris make clear, though, a state prisoner can only challenge the execution of his sentence pursuant to 28 U.S.C. 2254. The petition at bar must therefore be construed as one pursuant to 28 U.S.C. 2254.

Having so construed Jones' petition, 28 U.S.C. 2244(b) clearly applies to the petition at bar, and the approval of the Court of Appeals is required before a second or successive petition can be filed. Is the petition at bar a second or successive petition? The undersigned thinks so. Jones has twice challenged the execution of his sentence, first in PB-C-96-173, in which he received a ruling from both Judge Moody and the Court of Appeals, and again in 5:04CV00032. The claims in those petitions were virtually identical to the claim raised in the petition at bar. Because this petition is a second or successive petition, and he did not obtain the approval of the Court of Appeals before filing the petition, it should be dismissed.[6]

---

[6]

Two concluding points are in order. First, there are exceptions to the rule requiring the approval of the Court of Appeals before a second or successive petition may be filed, e.g., approval is not required when a prior petition is dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or when a prior petition is dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The petition at bar does not satisfy any exception to the rule.

Second, in Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Court Judge William R. Wilson, Jr., chose not to dismiss a petitioner's second or successive petition but instead ordered that the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Jones' petition should not be treated likewise. Unlike the petitioner in Bates v. Norris, Jones does not represent that he does not have copies of his original filings. In addition, the Court of Appeals appears to have passed on the issues raised in the petition at bar.

RECOMMENDATION.  Given the foregoing, the undersigned recommends that Norris' motion to dismiss be granted and Jones' petition be denied.  All requested relief should be denied, and judgment should be entered for Norris.

DATED this ___13___ day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE